# IN THE DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MARY FRANCES FULLER,

    Plaintiff,

v.

    Case No.:

DILLARD'S INC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff MARY FRANCES FULLER, by and through the undersigned counsel, and files this Complaint and Demand for Jury Trial against DILLARD'S INC. and in support thereof states as follows:

### NATURE OF ACTION

1. This is an action against Defendant to recover damages stemming from Defendant's violation of the Age and Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*.

### PARTIES, VENUE, AND JURISDICTION

2. Plaintiff is a resident of Jacksonville, Florida.

3. Defendant is an Arkansas corporation doing business in Jacksonville, Florida.

4. At all times material to this Complaint, Plaintiff was an employee as defined by 29 U.S.C. § 630(f).

5. At all times material to this Complaint, Defendant was an employer as defined by 29 U.S.C. § 630(b).

6. The actions alleged in this Complaint took place in Jacksonville, Florida.

7. Jurisdiction of the Court is based upon 28 U.S.C. § 1331, which grants the district courts with original jurisdiction over civil actions arising under federal law.

8. Venue is therefore proper in this district pursuant to 28 U.S.C. § 1391(b).

9. Plaintiff has satisfied all administrative prerequisites to filing suit.

## GENERAL ALLEGATIONS

10. Plaintiff began her employment with Defendant on approximately June 18, 2014.

11. Plaintiff worked as a sales associate during her employment with Defendant.

12. At all times relevant to this Complaint, Plaintiff was at least forty years of age.

13. During the course of her employment with Defendant, Plaintiff performed her job well, receiving awards for her performance, verbal commendation for her work, and pay raises, including one in 2019.

14. On an ongoing basis during her employment, Defendant's employees, including supervisors, made comments regarding Plaintiff's age, including

statements to Plaintiff that "you're too old to do that," regarding her performance of required job duties that Plaintiff was able to perform, such as restocking, and generalized comments about "Ms. Mary [being] old."

15. Plaintiff never failed to perform her required job duties for any reason, including physical tasks that Defendant attempted to stop her from performing because of her age.

16. In March 2020, Defendant was required to close the store location at which Plaintiff was employed due to the coronavirus pandemic.

17. Plaintiff and one of her supervisors continued working at the store location until the store's temporary closure and were the last two employees to continue working before its closure.

18. In May 2020, Defendant reopened the store location at which Plaintiff was employed and returned sales associates to work.

19. Despite returning almost all sales associates to work, Defendant did not allow Plaintiff to return to work.

20. All of the employees Defendant returned to work were younger than Plaintiff.

21. Upon learning that she was one of the only remaining furloughed employees, Plaintiff wrote a letter to her store manager expressing her concern that Defendant's failure to return Plaintiff to work was based on a discriminatory motive because of Plaintiff's age.

22. In August 2020, following Plaintiff's letter to her store manager, Defendant terminated Plaintiff's employment.

23. At the time of her termination, Plaintiff was qualified for her sales associate position and was performing her job duties satisfactorily.

24. Defendant cited economic concerns as a result of the coronavirus pandemic as the reason it terminated Plaintiff.

25. Defendant terminated Plaintiff despite her long tenure with the store and history of satisfactory performance, apparently based on its perception that Plaintiff could not perform her job as effectively as other employees based on her age.

26. Defendant terminated Plaintiff because of her age.

27. Defendant's decision to terminate Plaintiff was not based on any reasonable factor other than Plaintiff's age.

28. Defendant terminated Plaintiff intentionally or in disregard for Plaintiff's rights under federal law.

29. As a direct and proximate cause of Defendant's decision to terminate her, Plaintiff suffered past and future lost wages and loss of earning capacity.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in Plaintiff's favor and against Defendant and award the following relief: all back pay from May 2020 through the date of judgment, plus pre- and post-judgment interest; front pay from the date of judgment through a date deemed equitable and just; liquidated damages in an amount equal to the back pay award; all costs and

reasonable attorney's fees; and grant Plaintiff such other and further relief as may be equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in this action of all issues so triable.

Respectfully submitted this 17th day of August 2022.

                                            **DELEGAL & POINDEXTER, P.A.**

                                            */s/ T.A. Delegal, III*
                                            T.A. DELEGAL, III, B.C.S.
                                            Fla. Bar No.: 892701
                                            Email: tad@delegal.net
                                            Secondary email: office@delegal.net
                                            JAMES C. POINDEXTER
                                            Fla. Bar No.: 0116039
                                            Email: james@delegal.net
                                            ALEXANDRA E. UNDERKOFLER
                                            Fla. Bar No.: 1018209
                                            Email: alex@delegal.net
                                            424 E. Monroe Street
                                            Jacksonville, Florida 32202